BALL & SOCKET FASTENER CO. *v.* KRAETZER.

*(Circuit Court, D. Massachusetts  September 18, 1889.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—GLOVE-FASTENERS.
    In letters patent No. 325,688, issued September 8, 1885, to Albert G. Mead
for a metallic glove-fastener, the button-hole member of the device consists
of "a hollow socket in combination with a rivet and button-head, whereby it
is centrally attached to the fabric," the spring action being secured in the
expansive socket. The button-head and socket features were known in the
art, prior to the patent. *Held*, that such invention was confined to the form
of the socket combined with an imperforated button-head, and was not in-
fringed by letters patent issued to Edwin J. Kraetzer, the button-hole member
of whose device consists of a socket with a tubular extension passing through
the fabric and attached on the other side with a button-head, and a spring in
the form of a split wire, capable of expansion and resting loosely in such
socket.

2. SAME—CONSTRUCTION.
    A patent cannot be held to embrace a device which was not mentioned by
the patentee as a part of his invention, and which is not clearly shown to be
a novelty and a substantial improvement.

In Equity.  Bill for infringement of patents.
*T. W. Clarke* and *F. P. Fish*, for complainant.
*J. R. Bennett* and *W. B. H. Dowse*, for defendant.

COLT, J.  This bill, as originally filed, alleged that the defendant in-
fringed six letters patent.  Five of these patents were granted to William
S. Richardson, and numbered, respectively, 260,050, 300,508, 300,509,
300,510, 325,699, and one to Albert G. Mead, September 8, 1885, and
numbered 325,688.  Subsequently the complainant discontinued his suit
as to Richardson's patents Nos. 260,050 and 325,699.  The devices shown
in these patents relate to metallic glove-fasteners, the general features of
which consist in a button member attached to one flap of the garment, and
a resilient button-hole member attached to the other flap.  The defend-
ant's fastener is called the "Kraetzer Fastener," and is made under certain
patents issued to him.  In the present suit we are only concerned with the
button-hole member of the fastener.  The spring which engages the button
member of the Kraetzer fastener is a ring of wire split on one side so as
to be capable of expansion.  This spring ring is held loosely in a cham-
ber composed of two pieces of metal, united around their edges, one of
which has a tubular extension which passes through the fabric, and is
engaged with the cap or button-head on the other side of the fabric.  The
spring chamber is on the under side of the fabric and the button-head or
cap on the upper side, and the two are fastened together so as to hold
the fabric between them by the upsetting of the tubular neck of the spring
chamber on the upper side of the central opening of the cap.  It is con-
tended that when the spring action of the button-hole member is the
socket itself, it is easily impaired, whereas the spring ring of the Kraetzer
fastener rests loosely in the chamber, and that this enables it to be made
of the best elastic material.  I do not find the Kraetzer device in any of

the Richardson patents relied upon by the complainant. Indeed, from the admission of complainant's counsel, it may be said that the only serious question in this case relates to the Mead patent. It is strongly urged that the Kraetzer fastener infringes claims 6 and 7 of the Mead patent, which are as follows:

"(6) A member of a fastening device consisting of a hollow socket in combination with a rivet and button-head, whereby it is centrally attached to the fabric, substantially as set forth. (7) A member of a fastening device composed of a hollow socket, D, centrally attached to an eyelet, *l*, the latter resting upon and within an annular depression, *q*, formed in a concave collet or disk, E, substantially for purposes herein set forth."

In his specification Mead says:

"I consider my present invention embraces, first, the method of centrally securing the socket portion of the fastening to the article, whereby the open part or socket of said member is disposed upon the under side of the flap and secured by a rivet extending through the fabric. Thus, in permanently securing it to the latter, a suitable button-head or cap is employed upon the upper surface of the flap, and can be so formed and constructed as to form a button finish, a result much desired, since it gives the article an appearance exactly similar to an ordinary button, which is the most neat and tasty finish that can be employed in the class of articles of apparel to which such fastenings are usually attached; but, further, the whole device is thereby concealed and prevented from becoming caught and broken."

The socket of Mead is composed of a cup-shaped washer with curved wings. It is applied to the interior of the glove-flap, and it is secured to the exterior washer or button-head by a central rivet passing through a hole in the glove-flap. I do not understand that it is contended that either the cap or cup-shaped socket of Mead is new, or that an elastic mouth situated upon the under side of the flap, and secured by a button-head at the other side of the flap, was not known in the art prior to the Mead patent. The invention of Mead, it seems to me, must be limited to his form of socket combined with an imperforated button-head. The Kraetzer device does not contain the Mead socket, and therefore does not infringe the Mead patent.

The complainant seeks to extend what appears to me to be the legitimate scope of the Mead patent upon the theory that the spring-mouthed socket of Mead presses the leather upward into the button, and squeezes the leather against the inner surface of the button; that this feature, in connection with the fact that the hole in the flap need not be any larger than the diameter of the rivet, introduces an important element of strength which is found for the first time in the Mead device. There are several reasons why this theory does not impress me with the importance with which it does the complainant. In the first place, I am not satisfied upon the evidence that there is any great advantage in pressing the fabric up into the button head; in the second place, I think this feature was present in the prior Dowler English patent, although it is not exhibited in the drawings; and, thirdly, Mead himself does not seem to consider this feature of sufficient consequence to claim it as a part of his invention. Before the court should give such a broad construction to the Mead patent

as to include something not mentioned by the patentee as a part of his invention it should certainly clearly appear that the improvement was a substantial one, and that it is not found in any prior device. In this case I do not think the complainant has made out the charge of infringement, and it follows that the bill should be dismissed. Bill dismissed.